IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| U.S. PAYMENTS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 10-CV-701-GKF-FHM |
| CAPITAL SECURITY SYSTEMS, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

This is a declaratory judgment action brought under 28 U.S.C. §§ 2201-02 by Plaintiff U.S. Payments, LLC ("Plaintiff" or "USP") against Defendant Capital Security Systems, Inc. ("Defendant" or "CSS"), seeking a declaration that USP has not violated any U.S. patent rights held by CSS.

## Parties

1. Plaintiff is a private company having a principal place of business at 1800 S. Baltimore Avenue, Fourth Floor, Tulsa, Oklahoma 74119 and is doing business in this State and District.

2. Plaintiff markets the Paysite Kiosk, which is an automated kiosk that allows consumers to remotely pay bills to various service providers, including utility providers and telecommunications providers.

3. Upon information and belief, CSS is a corporation organized and existing under the laws of Illinois, and having a principal place of business at 2660 Albatross Rd., North #A, Delray Beach, Florida 33444.

4. Upon information and belief, CSS is in the business of selling or licensing patent rights.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action on the following grounds:

   (a) 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States; and

   (b) 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged patent rights.

6. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Rule 57, Fed.R.Civ.P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, USP and CSS.

7. This Court has personal jurisdiction over CSS consistent with the principles underlying the Oklahoma Constitution and the U.S. Constitution:

(a) CSS purposefully directed its activities at USP within this State;

(b) USP's claim arises out of CSS's activities; and

(c) This Court's assertion of personal jurisdiction over CSS is reasonable and fair.

8. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391.

### The CSS Patents

9. CSS purports to be the assignee of U.S. Patent No. 5,897,625 (the "'625 Patent"), U.S. Patent 5,987,439 (the "'439 Patent"), U.S. Patent No. 6,012,048 (the "'048 Patent"), and U.S. Patent No. 7,653,600 (the "'600 Patent") (collectively referred to as the "CSS Patents"). Generally, the CSS Patents relate to multi-function automated teller machines, or ATMs that provide bill payment, check cashing, cash deposits, wire transfers, cash withdrawals, and other functionality.

10. On information and belief, the CSS Patents have been the subject of numerous press releases and news reports. (Copies of these press releases and news reports are attached as Exhibits A-C.) These press releases and news reports claim that CSS owns or will own patents for the "Super ATM™" and "ATM Powerbuilder." (*See id.*) On information and belief, the terms "Super ATM™" and "ATM PowerBuilder" are terms that CSS has used to describe ATMs having features disclosed in the CSS Patents.

11. The press releases and news reports attached at Exhibits A-C explain that (1) "CSS is currently looking for an Industry Leader in the financial services market that would be interested in acquiring the patent rights from CSS" (Ex. A); (2) "CSS is currently talking to a number of large domestic and foreign companies that are seeking to . . .own[] the patents

3

granted to the Super ATM™ -- ATM PowerBuilder platform." (Ex. B); and (3) "'[CSS] is 100 percent certain' that [it] will sell the patent on its ATM Powerbuilder . . . ." (Ex. C.)

12. On information and belief, CSS does not manufacture or sell any product known as the Super ATM™ or ATM PowerBuilder.

13. On information and belief, CSS is solely in the business of trying to sell the CSS Patents or using cease and desist letters to negotiate royalty agreements with alleged patent infringers.

### Communications between CSS and USP

14. On or about October 14, 2010, CSS, through its counsel, sent a letter (the "October 14th Letter") addressed to USP's Chief Executive Officer, Jim Bennett, which was received at USP's principal business address in Tulsa, Oklahoma. In this letter, CSS claimed ownership of the CSS Patents and requested that USP contact CSS's counsel to discuss "Capital Security's patent portfolio." (A copy of this letter is attached as Exhibit D.)

15. On October 18, 2010, USP responded to the October 14 Letter by calling CSS's counsel (the "October 18th Convesation"). CSS, through its counsel, boldly asserted that USP's Paysite Kiosks infringe the '439 Patent. However, CSS did not provide any specific proof, such as a claim chart, for why it believes that USP's Paysite Kiosks infringe any of the claim limitations found within the '439 Patent.

16. During the October 18th Conversation, CSS, through its counsel, offered to license the '439 Patent to USP. However, CSS threatened that if USP did not accept a license, then CSS would file a patent infringement lawsuit against USP. CSS further threatened that it had already filed other patent infringement lawsuits against other third parties, and that the October 14th Letter was intended to notify USP that CSS was now going to target them as an

4

alleged infringer and potential licensee. CSS warned that any patent litigation would force USP to incur a large amount of legal fees.

17. During the October 18th Conversation, CSS, through counsel, represented that USP's Paysite Kiosks do not infringe the '048 Patent and the '625 Patent. On October 27, 2010, USP conducted a follow-up call with CSS's counsel to discuss the proposed license agreement. During this follow-up call, CSS's counsel further represented that USP's Paysite Kiosks do not infringe the '600 Patent. CSS asserted these three other patents in the October 14th Letter apparently knowing that they are not applicable to any product or service made, used, imported, marketed, sold, or offered for sale by USP. Although CSS has communicated that the '600 Patent, the '048 Patent, and the '625 Patent admittedly are not infringed by USP, CSS has not withdrawn the October 14th Letter referencing these patents.

18. The '439 Patent contains two independent claims (Claims 1 and 11). (*See* '439 Patent, Claims 1 and 11.) (The '439 Patent is attached as Exhibit E.)

19. Claim 1 of the '439 Patent requires, among other limitations, the use of "a cash money dispenser in said machine having only bills to be dispensed and no coins . . . ." (*See* Ex. E, '439 Patent, Claim 1.)

20. Claim 11 of the '439 Patent requires, among other limitations, "dispensing from a cash money dispenser the cash payment . . . ." (*See* Ex. E, '439 Patent, Claim 11.)

21. None of USP's products, including the Paysite Kiosk, include all of the limitations from the claims of the '439 Patent, including the limitations requiring "a cash money dispenser in said machine having only bills to be dispensed and no coins . . . " (s*ee* Ex. E, '439 Patent, Claim 1.) or "dispensing from a cash money dispenser the cash payment . . . ." (*See* Ex. E, '439 Patent, Claim 11.)

5

22. On information and belief, CSS has never inspected any of USP's Paysite Kiosks or conducted any investigation to determine if USP infringes the '439 Patent. If CSS had done a pre-threat investigation, it would have been apparent to CSS that USP's Paysite Kiosks do not infringe the '439 Patent.

23. On information and belief, CSS has made a bad faith effort to allege infringement of the '439 Patent and to force USP into an unnecessary and onerous license agreement that would wrongfully and maliciously interfere with USP's business.

24. USP's Paysite Kiosks do not contain all of the limitations of any of the claims of the '625 Patent, the '048 Patent, or the '600 Patent. CSS's bad faith is further evidenced by its October 14th Letter and license offer for these other patent rights.

25. USP has not violated any of CSS's purported patent rights in the CSS Patents and is not liable to CSS for patent infringement or any other federal, state or common law causes of action, in law or in equity.

### Count 1 (Declaratory Judgment)

26. There is an actual and substantial controversy between USP and CSS of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. CSS has made a threat to USP's business by accusing USP of unlawful actions and demanding that USP immediately enter into an unnecessary and onerous license agreement that would interfere with USP's business operations.

27. There is an actual and justiciable controversy between USP and CSS concerning CSS's bad faith allegations that USP must license the CSS Patents in order to lawfully market the Paysite Kiosk.

28. CSS's bad faith allegations place a cloud over USP's business, and in particular its rights and abilities to continue its business activities relating to the Paysite Kiosk, and will likely cause uncertainty among customers, prospective customers and suppliers and elsewhere in the marketplace, leading USP to lose revenues and/or business opportunities.

29. USP is entitled to a judgment declaring that USP's continued marketing of the Paysite Kiosk is lawful and does not infringe any valid and enforceable claims of any of the CSS Patents.

30. USP is entitled to a judgment declaring that USP's making, using, importing, selling, or offering to sell the Paysite Kiosk is lawful and does not infringe any valid and enforceable claims of any of the CSS Patents.

WHEREFORE, USP prays for the entry of a judgment:

A. Declaring that USP has not infringed or otherwise violated any purported rights of CSS, including any provisions of 35 U.S.C. § 1 *et seq.* or any other asserted federal, state, or common law laws, with regard to the CSS Patents or otherwise;

B. Declaring that USP does not need to license the CSS Patents, or any one of them, in order to lawfully make, use, import, market, sell, or offer to sell the Paysite Kiosk.

C. Declaring this case exceptional pursuant to 35 U.S.C. § 285 in favor if USP.

D. Granting USP their costs and awarding USP their reasonable attorneys' fees and other litigation expenses, together with such further legal and equitable relief as the Court may deem just and proper.

USP demands a trial by jury on all issues so triable.

This 1st day of November, 2010.

Respectfully submitted,

Dwight L. Smith
DWIGHT L. SMITH, PLLC
1636 S. Cincinnati Avenue
Tulsa, OK 74119
*Attorney for Plaintiff*

J. Mark Wilson, N.C. State Bar No. 25763
MOORE & VAN ALLEN, PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
*Of Counsel for Plaintiff*
*(Pro Hac Vice Application Pending)*